Citation Nr: 1331567 
Decision Date: 09/30/13 Archive Date: 10/02/13

DOCKET NO. 06-08 222 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in San Diego, California


THE ISSUE

Entitlement to service connection for a dental disability, to include bruxism and a temporomandibular joint (TMJ) disorder.


REPRESENTATION

Appellant represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

A. Haddock, Associate Counsel






INTRODUCTION

The Veteran served on active duty from September 1984 to July 1987 and from November 1990 to September 2004, with additional periods of service with the Army National Guard. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a June 2005 rating decision by the Waco, Texas Department of Veterans Affairs (VA) Regional Office (RO). This matter was previously before the Board in December 2009 and July 2011, when it was remanded for additional development. 

The Board notes that the Veteran has filed an August 2008 notice of disagreement with an April 2008 rating decision, which denied entitlement to service connection for sleep apnea and gastroesophageal reflux disorder. A statement of the case was issued in May 2009; however, there is currently no substantive appeal of record, and as such the Board does not have jurisdiction over these issues. The Board has, therefore, limited its consideration accordingly.

The Board has not only reviewed the Veteran's physical claims file but also the Veteran's file on the "Virtual VA" system to insure a complete review of the evidence. 


FINDING OF FACT

The Veteran's bruxism and TMJ first manifested during active service and continued after service. 


CONCLUSION OF LAW

The criteria for service connection for bruxism have been met. 38 U.S.C.A. §§ 1110, 1131, 5103, 5103A, 5107 (West 2002); 38 C.F.R. § 3.303 (2013). 

REASONS AND BASES FOR FINDING AND CONCLUSION

The Board has reviewed all of the evidence in the claims folders. Although the Board has an obligation to provide reasons and bases supporting this decision, there is no need to discuss, in detail, the extensive evidence of record. Indeed, the Federal Circuit has held that the Board must review the entire record, but does not have to discuss each piece of evidence. Gonzales v. West, 218 F.3d 1378, 1380-81 (Fed. Cir. 2000). Therefore, the Board will summarize the relevant evidence where appropriate, and the Board's analysis below will focus specifically on what the evidence shows, or fails to show, as to these claims.

Service connection may be granted if the evidence demonstrates that a current disability resulted from an injury or disease incurred or aggravated in active military service. 38 U.S.C.A. § 1110 (West 2002); 38 C.F.R. § 3.303(a) (2012). In general, service connection requires (1) evidence of a current disability; (2) medical, or in certain circumstances, lay evidence of in-service incurrence or aggravation of a disease or injury; and (3) medical evidence of a nexus between the claimed in-service disease or injury and the current disability. See Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004).

Service connection may be granted for any disease diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d) (2012). 

The Veteran contends that he is entitled to service connection for bruxism and TMJ, claimed as jaw pain; as such disability was caused by his active service. Specifically, he has stated that while serving in Iraq, he began grind his teeth and to experience jaw pain while serving in Iraq in 2003, and that he has continued to grind his teeth and suffer from jaw pain since his separation from active service. 
A review of the Veteran's service treatment records (STRs) shows that in July 2004 he complained of pain in his lower left mandible near his ear area. He reported pain with all muscles of mastication. An impression was taken for a soft night guard. 

The Veteran was afforded a VA examination in May 2005, at which time it was noted that he had complained of severe jaw pain about some of teeth after returning from his deployment to Iraq. The examiner noted that the Veteran had been fitted for a mouth guard, but that it was never delivered. The examiner opined that the Veteran's oral condition was service connected. 

The Veteran was afforded another VA examination in September 2010. At that time, he reported that he began grinding his teeth while he was in Iraq in 2003, and that he has continued to do so since his return. He reported that he always had severe jaw pain, especially in the lower left area. On examination it was noted that the Veteran's mandible deviated slightly to the right on opening and a slight click was noted in the right TMJ when the Veteran opened and closed his jaw. The examiner did not diagnose any specific condition as the cause of the Veteran's teeth grinding, and opined that there did not appear to be a direct cause for the teeth grinding related to the Veteran's military service and noted that while the Veteran reported generalized body tension while on active duty in Iraq, there was no evidence of any physical trauma that would have caused his teeth grinding. 

The Veteran was afforded a follow-up VA examination in December 2010, with the September 2010 VA examiner. At that time, the Veteran reported that his right ear popped when he opened his jaw or moved his mandible to the right. The examiner noted that there was a derangement of the disc in the TMJ restricting the Veteran's ability to move his mandible freely, and an arthroscopic study could provide details on the type and extent of any joint derangement. However, he opined that he did not see any type of physical trauma that the Veteran experienced while on active duty that could have caused this derangement. He further noted that derangements can occur from bruxism or grinding of the teeth over long periods of time. 

The Veteran was afforded another VA examination in January 2012. At that time, the Veteran reported that he first started to notice jaw pain after returning from Iraq in 2004 and was evaluated at the dental clinic at Ft. Bliss, Texas in July 2004. After examination, the examiner diagnosed worn teeth, limited to upper anterior 7-10 and lower teeth 25 and 26; TMJ derangement on the right side; and sore masseter muscle related to bruxism. The examiner opined that the Veteran's sore masseter muscle related to bruxism began while on active service. He explained that the evidence showed that the Veteran was treated for jaw pain in July 2004 at Ft. Bliss, Texas, and that at that time he was prescribed a mouth guard, which helps to stop "grinding of teeth." 

Based on the evidence of record, the Board finds that service connection for bruxism with resulting worn teeth, TMJ derangement, and muscular pain is warranted. The Board acknowledges the December 2010 VA examiner noted there was no history of any physical trauma while on active service that could have caused the Veteran's TMJ derangement; however, he did indicate that TMJ derangements can be caused by bruxism or grinding of the teeth over long periods of time. The evidence shows that the Veteran clearly complained of jaw pain during active service and related that pain to grinding of his teeth. The Veteran has been consistent in his reports to the VA examiners that he has continued to grind his teeth since separation, and that the associated jaw pain has been unremitting since. 

Further, the January 2012 VA examiner opined that the Veteran's sore muscles related to bruxism began during his active service. As such, the Board finds that the preponderance of the evidence is for the claim, and service connection for a dental disability, to include bruxism and a TMJ disorder, is warranted. 

Duties to Notify and Assist

As provided for by the Veterans Claims Assistance Act of 2000 (VCAA), the VA has a duty to notify and assist claimants in substantiating a claim for VA benefits. 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5107, 5126 (West 2002); 38 C.F.R. §§ 3.102, 3.156(a), 3.159 and 3.326(a) (2012).

In this case, the Board is granting in full the benefit sought on appeal. Accordingly, assuming, without deciding, that any error was committed with respect to either the duty to notify or the duty to assist, such error was harmless and will not be further discussed.


ORDER

Entitlement to service connection for a dental disability, to include bruxism and a temporomandibular joint (TMJ) disorder, is granted. 


____________________________________________
JOHN J. CROWLEY
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs